UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 3:13CR44 (MPS) |
| v. | : | |
| | : | |
| JAMES BROWN, a.k.a. "Decky" | : | April 27, 2015 |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING**

The Government respectfully submits this supplemental sentencing memorandum in aid of the sentencing hearing for the defendant James BROWN, a.k.a. "Decky," (the "defendant"). For the reasons set forth herein, the Government respectfully submits that the Court should impose a sentence of imprisonment to run consecutive to the sentence of imprisonment that the defendant currently is serving in state custody. In support, the Government states as follows:

On May 23, 2008, the defendant was convicted in Connecticut Superior Court of Assault 2nd as a result of his participation or involvement in an incident that led to the stabbing death of any eighteen year-old boy. See PSR ¶ 32. The defendant was sentenced to five years of jail suspended and three years of probation. See id. The defendant was on probation for this offense when he was arrested in January 2013.

On February 1, 2011, the defendant was convicted in Connecticut Superior Court of possession of a sawed-off shotgun and criminal possession of a gun. See PSR ¶ 34. For both offenses, the defendant was sentenced to concurrent sentences of 5 years of jail and three years of probation. See id. The defendant was on probation for these offenses when he was arrested in January 2013.

On December 27, 2012, an undercover state narcotics task force officer made a controlled purchase of crack from the defendant at the Home Depot parking lot in Glastonbury. On January

1

3, 2013, the undercover officer made a controlled purchase of $100 of crack from the defendant at the Home Depot in Glastonbury. During this deal, the defendant told the undercover officer that he also sells "dope." On January 10, 2013, the undercover officer arranged to purchase crack and heroin from the defendant at the Home Depot in Glastonbury. On that same date, investigators arrested the defendant and Fabian AUGUSTINE when they arrived at the meeting with the undercover officer at the Home Depot in Glastonbury. At the time of their arrest, investigators seized thirty bags of heroin from AUGUSTINE and seized 55 bags of heroin stamped "Polo," five cell phones, $291 and a dime bag of marijuana from the defendant's car. AUGUSTINE and the defendant were arrested on state narcotics charges. The defendant was charged with state narcotics offenses based on the December 27, 2012 and January 3, 2013 controlled purchases and the January 10, 2013 seizure.

On June 24, 2013, the defendant admitted that he violated his probation with respect to his conviction in May 2008 for Assault 2nd and his convictions in February 2011 for Possession of a Sawed-Off Shotgun and Criminal Possession of a Gun. See PSR ¶¶ 32, 34. As a result of his violations of his probation with respect to each of these offenses, the defendant was sentenced to concurrent sentences of four years in jail. See id. In addition, the defendant pled guilty to Sale of Narcotics as a result of his January 3, 2013 controlled sale of $100 worth of crack cocaine (approximately 1.2 grams of cocaine base) to an undercover officer. See PSR ¶ 35. The defendant was sentenced to 4 years' jail and 6 years' special parole. See id. The defendant currently is in state custody serving these sentences.

On June 27, 2013, a Federal Grand Jury returned a multi-count superseding indictment charging the defendant and fourteen co-defendants with participating in a conspiracy to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).

2

The charged conspiracy ran from approximately January 2011 through approximately June 2013. On August 19, 2014, the defendant pled guilty to a lesser included offense of Count One of the Superseding Indictment, to wit, conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base, in violation of Title 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B).

As stated in the Commentary to U.S.S.G. § 5G1.3, "Federal courts generally 'have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings.' See Setser v. United States, 132 S. Ct. 1463, 1468 (2012); 18 U.S.C. § 3584(a)." According to U.S.S.G. § 5G1.3, Application Note 4(C), in cases in which the defendant was on state probation at the time of the instant offense and has had such probation revoked, then "[c]onsistent with policy set forth in Application Note 4 and subsection (f) of §7B1.3 (Revocation of Probation or Supervised Release), the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." Specifically, U.S.S.G. § 7B1.3(f) states as follows:

> Any term of imprisonment imposed upon the revocation of probation or supervised release *shall be ordered to be served consecutively* to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

(emphasis added). Further, Application Note 4 states, in part, as follows: "Similarly, it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation." U.S.S.G. § 7B1.3, Application Note 4.

In addition, the Sentencing Commission recognized that "[o]ccasionally, the court may be faced with a complex case in which a defendant may be subject to multiple undischarged terms of

3

imprisonment that seemingly call for the application of different rules.   In such a case, the court may exercise its discretion in accordance with subsection (d) to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense."   U.S.S.G. § 5G1.3, Application Note 4(D).

In the instant case, the Court should impose a consecutive sentence for several principal reasons.   First, the defendant's conviction as a result of his state conviction for sale of narcotics on January 3, 2013 will not result in any additional punishment for the defendant.   Regardless of whether the defendant was convicted for Sale of Narcotics as a result his controlled sale on January 3, 2013, or this offense was nolled like the defendant's charges arising from his December 27, 2012 controlled sale and his attempted sale on January 10, 2013, the defendant still would be serving multiple concurrent sentences of four years in jail as a result of his probation violations. Thus, the sentence resulting from the defendant's conviction for Sale of Narcotics to an undercover officer on January 3, 2013 will not result in the defendant serving a single, additional day in prison.

Second, it is a well-established policy of the Sentencing Commission that sentences for probation violations and sentences for new criminal conduct should be run consecutive.   *See* U.S.S.G. ch. 7, pt. A(3)(b) ("the sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct"); U.S.S.G. ch. 7, pt. B introductory cmt. ("It is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation."); U.S.S.G. § 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of probation . . . shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving."); U.S.S.G. § 7B1.3, App. Note 4 ("any sentence of

imprisonment for a criminal offense that is imposed after revocation of probation . . . be run consecutively to any term of imprisonment imposed upon revocation"). A consecutive sentence is appropriate because a sentence for violation of probation or supervised release is "not intended to be a sanction for [the defendant's] conduct, but rather for the 'breach of trust' committed against the [court]." United States v. Sweeney, 90 F.3d 55, 57 (2d Cir.1996), abrogated on other grounds as recognized in United States v. Fleming, 397 F.3d 95, 99 n. 5 (2d Cir.2005).

Third, the defendant's Sale of Narcotics conviction arising from his January 3, 2013 sale of crack cocaine is a very small part of the defendant's relevant conduct. Indeed, the defendant's state conviction was based on the sale of approximately 1.2 grams of cocaine base in exchange for $100 on January 3, 2013. In contrast, the federal indictment charging the defendant with conspiracy to distribute cocaine base, and defendant's federal conviction for conspiracy to distribute 28 grams or more of cocaine base, were based on evidence of the defendant's involvement in a large-scale crack distribution conspiracy between approximately the Spring of 2012 through the defendant's arrest on January 10, 2013.

Finally, based on consideration of the information set forth in the PSR, the parties' sentencing memoranda and all of the factors set forth in 18 U.S.C. § 3553(a) -- including the nature the seriousness of the defendant's criminal activities, the defendant's role in this drug trafficking conspiracy, the sentences received by other members of this conspiracy, the need to promote respect for the law and to provide just punishment, the defendant's history and characteristics, and

the interests of general and specific deterrence -- the Court should impose a sentence of imprisonment to run consecutive to the state sentences that the defendant currently is serving.

>
> Respectfully submitted,
>
> DEIRDRE M. DALY
> UNITED STATES ATTORNEY
>
> */s/ Geoffrey M. Stone*
>
> GEOFFREY M. STONE
> ASSISTANT UNITED STATES ATTORNEY
> Federal Bar No. CT 25326

## CERTIFICATE OF SERVICE

      This is to certify that on April 27, 2015, a copy of the foregoing Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

>
> */s/ Geoffrey M. Stone*
> _____
> GEOFFREY M. STONE
> ASSISTANT UNITED STATES ATTORNEY